UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MRW, INC., a California corporation; and 500 LUTHER ROAD LLC, a California limited liability company,

        Plaintiff,

    v.

BIG-O TIRES, LLC, a Nevada limited liability company; CIT SMALL BUSINESS LENDING CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,

        Defendants.
_____/

NO. CIV. S-08-1732 LKK/DAD

O R D E R

Plaintiffs in this case are two entities owned by the Platner family: MRW, a California corporation, and 500 Luther Road ("500 Luther"), a California limited liability company. Plaintiffs claim that defendants Big-O Tires ("Big-O") and CIT Small Business Lending Corporation ("CIT") used inaccurate market data and appraisal methods to induce plaintiffs to enter into an

1

1  unprofitable Big-O Tire Franchise Agreement.

2      The complaint includes four causes of action: three against
3  CIT, for (1) Intentional misrepresentation of the viability of the
4  Big-O franchise; (2) Negligent misrepresentation of the viability
5  of the Big-O franchise; and (3) Breach of fiduciary duty; and a
6  fourth against Big-O, for unfair competition in violation of
7  California Business and Professions Code § 17200.  The court
8  previously granted defendant CIT's motion to dismiss all claims
9  against it.  Plaintiffs filed an amended complaint re-alleging the
10 same three claims, and preserving the fourth claim against Big-O.
11 Defendant CIT now moves to dismiss the amended complaint.
12 Plaintiffs have stated that they do not oppose dismissal of the
13 claim for breach of fiduciary duty.  Therefore, the court turns to
14 the claims for intentional and negligent misrepresentation.

## I. BACKGROUND[1]

16     In September 2002, Wayne Platner, a member of MRW and 500
17 Luther, contacted Big-O regarding establishing the franchise in Red
18 Bluff, California.  Mr. Platner's subsequent application for the
19 franchise was approved in December of that year.  Big-O recommended
20 that plaintiffs apply for a Small Business Association ("SBA") loan
21 from defendant CIT.  Although the parties do not explicitly discuss
22 what differentiates an SBA loan from other loans, the complaint
23 implies that SBA loans require "an accurate and sufficient
24 appraisal" and "an accurate pro-forma and business plan."  (FAC ¶

---

[1] The allegations are taken from the complaint, and are taken as true for the purpose of the pending motion only.

46). At some point thereafter, plaintiffs applied for such a loan. At some later point, CIT "informed plaintiff that it was in its best interest to acquire the real property and equipment together in a blended loan," rather than to lease the property from Big-O.[2] (FAC ¶ 24). Plaintiffs subsequently applied for such a loan from CIT. CIT employee Riccardi "informed Plaintiff that he worked with Big-O on a regular basis and would 'get the job done' pursuant to SBA guidelines." (FAC ¶ 26.)

Around July 17, 2003, CIT obtained a loan appraisal of the franchise property. The appraisal specified that it was to be used for "mortgage financing purposes in connection with a proposed purchase of" the property and the "intended users of the report are considered to be representatives of CIT Small Business Lending Corporation." (FAC ¶ 29). Plaintiffs allege that this appraisal was "seriously defect[ive]," in that it was "inaccurate, utilize[d] inappropriate comparables from Phoenix, Arizona, and significantly overstates the value of the property." (FAC ¶ 43.) However, plaintiffs did not acquire this appraisal until March 2007, and did not learn of its defects until August 2007.

Also On July 17, 2003, CIT employee Riccardi allegedly "falsely represented to Plaintiff that the Loan was obtained pursuant to SBA guidelines, which should have included an accurate and sufficient appraisal that complied with [the Uniform Standards

---

[2] Throughout the complaint, plaintiffs use the singular "plaintiff." However, it appears that all claims are alleged on behalf of both plaintiffs.

3

of Professional Accounting Practice] and an accurate pro-forma and business plan."[3] (FAC ¶ 46.) Plaintiff specifically alleges that this representation was made to induce plaintiffs to purchase the property and enter into the Big-O franchise agreement, and that plaintiffs relied on these representations in so doing.

## II. STANDARD

In order to survive a motion to dismiss for failure to state a claim, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." Id. at 555.

The Supreme Court recently held that Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. Id. at 555 n.3. Though such assertions may provide a defendant with the requisite "fair notice" of the nature of a plaintiff's claim, the Court opined that only factual allegations can clarify the "grounds" on which that claim rests. Id. "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally

---

[3] Plaintiffs further allege that "[f]rom July 2003 onwards, Defendant CIT, through [employees] Riccardi and Mitchell, among others, intentionally misrepresented the true value of the Property to Plaintiff." (FAC ¶ 47.) However, plaintiffs do not specifically allege when any of these further representations were made.

4

cognizable right of action." Id. at 555, quoting 5 Wright & Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed. 2004).[4]

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). In general, the Complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). Nevertheless, the court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

### III. ANALYSIS

Under California law, claims for intentional misrepresentation and for negligent misrepresentation share several elements. Both require a (1) false (2) representation (3) that plaintiff justifiably relied upon. Mirkin v. Wasserman, 5 Cal.4th 1082, 1091-1092 (1993) (intentional misrepresentation), Shamsian v. Atlantic Richfield Co., 107 Cal.App.4th 967, 983 (2003) (negligent misrepresentation).

---

[4] The holding in Twombly explicitly abrogates the well established holding in Conley v. Gibson that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957); Twombly, 550 U.S. at 560.

1  Defendant argues that plaintiffs have not properly alleged
2 reliance. Both parties focus on the loan appraisal. Plaintiffs
3 have alleged that this appraisal falsely stated the value of the
4 property, but neither the appraisal nor this valuation were
5 communicated to plaintiffs until after the loan and franchise
6 agreement were executed. Defendants argue that the appraisal
7 itself cannot support a misrepresentation claim, because plaintiffs
8 cannot have relied on an appraisal that they were unaware of.[5]

9  Plaintiffs have not alleged that they were aware of the
10 specific content of the appraisal, and thus they have not alleged
11 that they relied upon this specific content. Plaintiffs have
12 alleged, however, that CIT represented that the SBA loan approval
13 process--and by extension, the appraisal--would be properly
14 conducted pursuant to SBA guidelines, and that because of defects
15 in the appraisal, this representation was false. (FAC ¶ 26.)
16 Plaintiffs have further alleged that they relied on the
17 representation that the loan would be approved pursuant to SBA
18 guidelines in deciding to purchase the property and enter the
19 franchise agreement. (FAC ¶ 49.) The court cannot reject these
20 allegations on a motion to dismiss. "[A] presumption, or at least
21 an inference, of reliance arises wherever there is a showing that
22 a misrepresentation was material[,]" and "materiality is generally
23 a question of fact" to be decided by a jury. Engalla v. Permanente

---

25  [5] Defendant argues that plaintiffs are unable to allege
reliance, although their argument might be better characterized as
26 challenging whether plaintiffs have alleged a representation.

6

1  Medical Group, Inc., 15 Cal. 4th 951, 977 (1997).

2      Accordingly, plaintiffs have adequately alleged claims for
3  intentional and negligent misrepresentation arising out of
4  representations other than the loan appraisal itself.

### IV. CONCLUSION

For the reasons stated above, defendant CIT's motion to dismiss the First Amended Complaint is DENIED as to plaintiffs' first and second claims, and is GRANTED as to plaintiffs' third claim.

IT IS SO ORDERED.

DATED: February 20, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7