UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MRW, INC., a California corporation; and 500 LUTHER ROAD LLC, a California limited liability company,

        Plaintiff,

   v.

BIG-O TIRES, LLC, a Nevada limited liability company; CIT SMALL BUSINESS LENDING CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,

        Defendants.

                           /

NO. CIV. S-08-1732 LKK/DAD

O R D E R

Defendant Big-O previously filed a motion to dismiss plaintiffs' claim against it, arguing that this claim was barred both by claim preclusion and by plaintiffs' failure to raise it as a compulsory counterclaim in a prior suit. On November 26, 2008, this court denied defendant's motion. Defendant now moves for certification of that order for an

1

interlocutory appeal, and for a stay of the proceedings. For the reasons stated below, the court grants defendant's motion.

## I. BACKGROUND[1]

Plaintiffs in this case are two entities owned by the Platner family: MRW, a California corporation, and 500 Luther Road ("500 Luther"), a California limited liability company. Plaintiffs claim that defendant used inaccurate market data and appraisal methods to induce plaintiffs to enter into an unprofitable Big-O Tire Franchise Agreement, and that this constituted unfair competition in violation of California Business and Professions Code § 17200.[2] Plaintiffs entered into their Big-O Tires Franchise Agreement in March 2003. As part of this agreement, plaintiffs also took out a loan from defendant, which provided some working capital and money for signs and equipment. This accompanying loan closed in July 2003.

After entering the franchise agreement, plaintiffs operated the Big-O franchise for two and one-half years, never turning a profit. At some time between December 2005 and February 2006, Big-O began the process of terminating the franchise with plaintiffs. Pursuant to the Franchise Agreement, upon termination plaintiff was required to discontinue the use of all Big-O copyrights,

---

[1] Because defendant seeks certification of an order denying a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court presents the allegations as they must be interpreted in evaluating such a motion.

[2] Plaintiffs also bring claims against CIT Small Business Lending Corporation. These claims are not at issue in the present motion for certification.

2

trademarks, trade names, trade dress, products, and services. Nonetheless, Big-O contended that following the Notice of Termination, plaintiff continued to operate its business using the Big-O name, trademarks, and trade dress. Two prior suits dealt with these allegations.

On June 5, 2006, Big-O filed the first of those prior suits against MRW. This suit was in this district for breach of contract and to enjoin MRW's continued use of defendant's copyrights, trademarks, and trade dress. In February 2007, before MRW filed an answer, the parties settled. The court entered the stipulated judgment and permanent injunction on March 8, 2007, which prohibited plaintiff's use of the Big-O name, etc. The stipulated judgment did not discuss Big-O's breach of contract claim, or any other monetary damages to which Big-O may have been entitled.

On May 25, 2007, Big-O filed a second suit against MRW in the District Court for the City and County of Denver, Colorado seeking money damages. MRW moved to dismiss the complaint on the grounds that Big-O's claims were barred by the previous suit. The Denver District Court granted this motion.

Plaintiffs filed this suit in July of 2008. They now allege that Big-O knew or should have known that the franchise would not succeed, because it knew the market data was inaccurate and that the business plan was faulty, but that Big-O nonetheless intentionally lured plaintiffs into a franchise agreement. Big-O moved to dismiss on the ground that plaintiffs' claim was barred

by claim preclusion,[3] or in the alternative, that plaintiffs' claim was a compulsory counterclaim that plaintiffs failed to raise in the prior suits. This court denied that motion on November 26, 2008. Big-O now seeks to have that denial certified for an interlocutory appeal. Big-O also seeks an accompanying stay of proceedings against it.

**II. STANDARD FOR CERTIFICATION OF AN ORDER FOR IMMEDIATE APPEAL**

Ordinarily, only final orders may be appealed. 28 U.S.C. § 1292(b) provides an exception to this general rule, consisting of two steps. First, a district court may certify a civil order for interlocutory appeal when the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) interlocutory appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see also In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). Second, the appellant must "pesuad[e] the court of appeals that exceptional circumstances justify a departure from" the ordinary policy, such that the appellate court should exercise its discretion to hear the appeal. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (citing 28 U.S.C. § 1292(b)). See also James v. Price Stern Sloan, 283 F.3d

---

[3] This court uses the term "claim preclusion" rather than the less precise term "res judicata." "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as *res judicata*." Taylor v. Sturgell, ___ U.S. ___, 128 S. Ct. 2161, 2171 (2008) (internal quotations and citations omitted). See also People v. Barrangan, 32 Cal. 4th 236, 252-253 (Cal. 2004). The parties agree that claim preclusion, rather than issue preclusion, is at issue in this case.

4

1064, 1068 (9th Cir. 2002) ("Section 1292(b) . . . must be construed narrowly.").

If the district court certifies an order, the court may also stay proceedings pending the appeal. 28 U.S.C. § 1292(b). The decision to issue such a stay is an exercise of the district court's discretion. <u>Mediterranean Enters. v. Ssangyoung Corp.</u>, 708 F.2d 1458, 1465 (9th Cir. 1983).

### III. ANALYSIS

**A.   Controlling Issue of Law**

Big-O seeks to appeal this court's determination of the legal effect of the past suits. Contrary to plaintiffs' argument, there has not yet been a dispute as to the facts in this case. On Big-O's motion to dismiss, the court took plaintiffs' allegations as true. Big-O seeks review of the legal consequences this court attached to those allegations. The question is whether this issue is controlling.

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." <u>In re Cement Antitrust</u>, 673 F.2d at 1026. This case presents at least two such questions, namely, whether there exists an "identity of claims" between the parties' prior suits and this one, and whether a party may be precluded from bringing claims that were compulsory counterclaims in a prior suit when that suit ended before a responsive pleading was filed. Reversal of this court's resolution of either question would end, and thereby materially

5

affect, the outcome of this litigation.  See Eaton v. Siemens, 2007 WL 2318538 at 3 (E.D. Cal. 2007) (legal question of whether facts give rise to claim preclusion controlling).

**B.   Substantial Ground for Disagreement**

Although this court stands by its conclusions regarding defendant's identity of claims and the compulsory counterclaim arguments, the court recognizes that there are substantial grounds for disagreement with those conclusions.

As to the identity of claims issue, the most important issue is whether the past and present claims shared a transactional nucleus of operative facts.  This court held that there was not a common transactional nucleus of facts here because "the past and present claims concern conduct that occurred at different times," such that all of the facts forming the nucleus of the unfair competition claim arose prior to the adoption of the franchise agreement, whereas all of the facts central to Big-O's trademark, etc., claims arose afterward. Order of Nov. 26, 2008, at 16.  This court's conclusion that this distinction was determinative rested primarily on Cent. Delta Water Agency v. United States, 306 F.3d 938, 952 (9th Cir. 2002) and Fund for Animals v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992).  However, as explained in the order, the facts in those cases did not perfectly fit the facts at issue here, because those cases lacked a common background analogous to the franchise agreement itself. Order of Nov. 26, 2008 at 16.  A reviewing court could ascribe greater importance to this distinction, and conclude that the common franchise agreement was

6

a fact within the transactional nucleus of both claims.

There are also substantial grounds for disagreement regarding this court's rejection of Big-O's argument that plaintiffs' claim was barred because it was a compulsory counterclaim in the prior suits. Because no controlling authority has determined whether Fed. R. Civ. P. 13's implied bar arises when the prior suit settled prior to filing of a responsive pleading, this court followed the decisions of other circuits. However, <u>Brenner v. Mitchum, Jones, and Templeton, Inc.</u>, 494 F.2d 881, 881-82 (9th Cir. 1974), cited by Big-O for the first time in the present motion, provides a substantial ground for reaching the alternative conclusion, in that the Ninth Circuit interpreted a similar provision of California law and reached the opposite result.

**C.  Interlocutory Appeal May Hasten Conclusion of This Suit**

The final factor provided by section 1292(b) is also satisfied. As stated above, reversal of this court's order on either ground will dispose of plaintiffs' only claim against Big-O, thereby terminating this suit with respect to this defendant. Although this case does not threaten to be abnormally "protracted and expensive," <u>In re Cement Litigation</u>, 673 F.2d at 1026, allowing defendant to present this appeal to the Ninth Circuit now will potentially save significant time and expense.

**D.  Issuance of a Stay**

Defendant Big-O further requests that this court stay all proceedings in this matter pending resolution of Big-O's appeal. That is, Big-O seeks a stay of both the claim against it and of

7

claims against defendant CIT.

Staying a case, including discovery, is not an automatic consequence of certification for interlocutory appeal. A stay pending an interlocutory appeal may conserve judicial resources when there is a chance that the appeal will render that discovery moot, and thus a wasted expense for the parties and the court. Here, the very fact that Big-O relies on in arguing for a stay of proceedings--the interrelatedness of claims against Big-O and CIT-- mitigates that danger, because any discovery will continue to be relevant against CIT.

Although there is some danger that, absent a stay, Big-O will bear the expense of discovery that it could have avoided, in this case, this risk does warrant issuance of a stay.

### IV. CONCLUSION

For the reasons stated above, defendant's motion for certification of this court's November 26, 2008 Order for interlocutory appeal is GRANTED. Defendant's request for a stay is DENIED.

IT IS SO ORDERED.

DATED: February 20, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT